# EXHIBIT 1

## *(Settlement Agreement)*

### UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO

| | |
|---|---|
| PATRICIA DAVIDSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHGRADES OPERATING COMPANY, INC.,<br><br>    Defendant. | **CASE NO.: 21-cv-01250-RBJ**<br><br>**SETTLEMENT AGREEMENT** |

This Settlement Agreement, dated as of April 1, 2022 (the "Settlement Agreement" or "Settlement"), is made and entered into by and among the following Settling Parties: (i) Patricia Davidson ("Representative Plaintiff"), individually and on behalf of the Settlement Class Members (as defined below), by and through Gary M. Klinger of the law firm Milberg Coleman Bryson Phillips Grossman PLLC (collectively, "Proposed Settlement Class Counsel" or "Class Counsel"); and (ii) Healthgrades Operating Company, Inc. ("Healthgrades"), now Mercury Healthcare, Inc. (the "Defendant," as further defined herein), for the benefit of all Released Parties (as defined herein), by and through the Defendant's counsel of record, Paul Bond and Maxwell N. Shaffer of Holland & Knight LLP ("Defense Counsel"). The settlement set forth in this Settlement Agreement is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

This is a putative class action (the "Litigation") brought by an individual who is, or was, a patient of a hospital. That hospital was also a customer of Defendant. On May 6, 2021, Plaintiff filed her initial Complaint alleging Defendant failed to protect her personal information from a

cyberattack on Defendant's systems. Plaintiff's Complaint asserts claims against Defendant for (1) Negligence; (2) Invasion of Privacy by Intrusion; (3) Violation of Colorado's Data Security Laws, Colo. Rev. Stat. § 6-1-713.5; (4) Violation of the Colorado's Data Security Laws, Colo. Rev. Stat. § 6-1-716. Plaintiff has since filed an Amended Complaint, which included an additional claim for violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S.A § 75-65. Defendant filed a Motion to Dismiss the Complaint. Plaintiff in response filed an Amended Complaint. Defendant filed a renewed Motion to Dismiss and denies all wrongdoing.

During the pendency of Defendant's Motion to Dismiss the First Amended Complaint, the Settling Parties held a full, day-long mediation session via Zoom, on December 8, 2021, with the Honorable Boyd N. Boland (Ret.) through the Judicial Arbiter Group. Prior to joining the Judicial Arbiter Group, Judge Boland served as lead magistrate judge for the District of Colorado for fifteen years. This mediation, and subsequent efforts by the Settling Parties, led to this Settlement Agreement.

## II.     CLAIMS OF THE REPRESENTATIVE PLAINTIFF

Representative Plaintiff believes the Claims asserted in the Litigation have merit.

Representative Plaintiff and Proposed Settlement Class Counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendant through motion practice, trial, and potential appeals. They also have taken into account the uncertain outcome and the risk of further litigation, as well as the difficulties and delays inherent in such litigation.

Representative Plaintiff and Proposed Settlement Class Counsel believe that the settlement set forth in this Settlement Agreement confers substantial benefits upon the Settlement Class

Members. They have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

## III.   DENIAL OF WRONGDOING AND LIABILITY

The Defendant denies each and every claim and contention alleged against them in the Litigation and all charges of wrongdoing or liability alleged against them. Nonetheless, Defendant and its counsel have concluded that further continuation of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.   TERMS OF SETTLEMENT

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among Representative Plaintiff, individually and on behalf of the Settlement Class, by and through Proposed Settlement Class Counsel, and the Defendant agrees that, subject to Final Approval by the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released as to all Released Parties, and the Litigation shall be dismissed with prejudice as to all Settling Parties, with all rights of appeal being waived, provided that the Court's approves this Settlement Agreement as written and such waiver of the right to appeal does not apply to the right of Class Counsel to appeal any award of their fees and costs that is less than what they applied for, upon and subject to the following terms and conditions of this Settlement Agreement.

**1. Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

a.      **CAFA Notice** refers to any notifications required to be made pursuant to the Class Action Fairness Act of 2005, 28 U.S.C.A. § 1715.

b.      The **Cyberattack** refers to the cyberattack by a third party on Healthgrades' systems in the month of October, 2020.

c.      **Defendant** refers to Healthgrades Operating Company, Inc. (now  Mercury Healthcare, Inc.).

d.      The **Effective Date** of the settlement is the day after the day that (i) the Settlement Agreement has been given Final Approval **and** (ii) either (a) the time to appeal has lapsed with no appeal taken or (b) all appeals have been finally resolved in favor of the settlement.

e.      **Final Approval** means the entry of a Judgment in the form set forth in *Exhibit A*, or substantially in that form to the mutual satisfaction of the Settling Parties in their sole discretion.

f.      The **Net Settlement Fund** will be the Settlement Fund after reduction for the costs of notice and claims administration, attorney's fees for Proposed Settlement Class Counsel, and any award for Representative Plaintiff.

g.      **Notice Deadline** shall be the date 30 days after entry of the Preliminary Approval Order, or the first business day after 30 days (if 30 days falls on a Saturday, Sunday, or legal holiday).

h.      A **Person** is a living natural person who is resident in the United States.

i.      **Preliminary Approval** means the entry of an Order of Preliminary Approval in the form set forth in *Exhibit B*, or substantially in that form to the satisfaction of the Settling Parties in their sole discretion.

j.      **Released Claims** are defined as any claims, costs, damages, expenses, exposure, liability, and/or loss, direct or indirect, under any theory or cause of action, at law or in equity, asserted or not asserted, known or unknown, arising from or in any way related to the Cyberattack.

k.      **Released Parties** is defined as the Defendant and its divisions, affiliates, subsidiaries, direct and indirect parents, officers, directors, trustees, employees, agents, partners, members,

former and present customers,(including their affiliates, subsidiaries, direct and indirect parents, officers, directors, trustees, members, employees, and agents), and insurance carriers.

l.        The **Settlement Administrator** is Postlethwaite & Netterville.

m.       The **Settlement Class** will be defined as "All Persons who received a notification from Lexington Medical Center that information about them was included in the Cyberattack" as identified within the Class List.  Excluded from the Settlement Class are (a) officers, directors, trustees, and employees of the Defendant; (b) all judges and their staffs assigned to this case and any members of their immediate families; (c) the mediator; (d) experts retained in this Litigation by the Parties; and (e) the Parties' counsel in this Litigation. Healthgrades shall provide to the Notice Administrator a Class List of individuals who received notice of the incident, including each Settlement Class Member's most current mailing address, to the extent they are available.

n**.**      **Settlement Class Members** shall be Persons in the Settlement Class. It is estimated that there are 37,000 Settlement Class Members.

o.       The **Settlement Fund** will be $500,000 dollars provided by Defendant. The Settlement Fund will be deposited by Defendant in an account established and maintained by the Settlement Administrator solely for this settlement.

**2.       The Settlement Timeline  Prior To Final Approval**

a.       By March 16, 2022, the Proposed Settlement Class Counsel and counsel for the Defendant shall jointly submit this Settlement Agreement to the Court along with a Motion for Preliminary Approval.

b.       Within 30 days after Preliminary Approval, Defendant shall fully fund the Settlement Fund. The Settlement Administrator shall draw from these funds to be reimbursed for such costs as they are actually and reasonably incurred.

c.      Within 30 days after Preliminary Approval, the Settlement Administrator shall provide notice consistent with *Exhibit C* to the Settlement Class Members (including mailed notice and a settlement website). The Settlement Administrator shall also provide CAFA Notice as directed by that statute.

d.      Settlement Class Members will be able to submit a claim for a proportional share of the Net Settlement Fund, up to a per claimant cap of $100.00. To do so, Settlement Class Members need only confirm that they incurred some cost or expense, including but not limited to lost time. Settlement Class Members will have to so affirm under penalty of perjury, but will not be required to submit any documentation.

e.      Settlement Class Members shall have until 75 days after the Notice Deadline to submit claim forms via the settlement website, consistent with the Claim Form Notice attached in *Exhibit C.*

f.      Settlement Class Members shall have until 60 days after the Notice Deadline to file any objections to the settlement, consistent with the requirements set forth in Section 4, below.

g.      Settlement Class Members shall have until 60 days after the Notice Deadline to opt out of the settlement. Any Settlement Class Member who files an opt out shall be excluded from the Settlement Class, and not obtain any benefit hereunder and not offer any release to the Released Parties. Each Settlement Class Member must opt out individually. No joint or *en masse* opt outs will be effective. Completed opt outs must be submitted online at the website address identified in the notice forms mailed to Class Members or mailed to the Settlement Administrator.

h.      Within 45 days after the Notice Deadline, Proposed Settlement Class Counsel shall submit a Motion for Attorney's Fees and Representative Plaintiff Service Awards (as defined herein). Defendant will not object to a fee and cost application by Plaintiff's counsel for up to thirty-five

percent (35%) or $175,000.00 of the Settlement Fund, to be paid out of the Settlement Fund. Defendant will not object to Court-approved awards of up to $3,500.00 for the one Representative Plaintiff ("Representative Plaintiff Service Awards"), to be paid out of the Settlement Fund.

i.       Within 90 days after the Notice Deadline, Proposed Settlement Class Counsel shall submit a Motion for Final Approval.  As an attachment to this Motion, Proposed Settlement Class Counsel shall submit an affidavit from the Settlement Administrator as to the provision of notice.

### 3.       The Settlement Timeline Subsequent to Final Approval

a.       Upon the Effective Date, each Settlement Class Member, including Representative Plaintiff, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.

c.       The Settlement Administrator may draw from the Settlement Fund any costs actually and reasonably incurred. The Settlement Administrator may also set a reserve for costs expected to be actually and reasonably incurred, prior to calculation of the Net Settlement Fund.

d.        Within 7 days of the Effective Date, any Court-approved Attorney's Fees and Representative Plaintiff Service Awards will be paid from the Settlement Fund.

e.       Within 60 days of the Effective Date, the Settlement Administrator shall calculate the Net Settlement Fund and disburse the Net Settlement Fund to Settlement Class Members who made a claim, proportionately, up to $100.00 per claimant maximum.

f.       Settlement Class Members must accept the deposit of all such payments within 120 days of the Effective Date. Any checks uncashed or monies not deposited at that time will be deemed null and void, as though never issued. However, such Settlement Class Members who make a claim but never actually access their award will still be deemed to have released the Released Parties.

g.      Within 150 days of the Effective Date, the Settlement Administrator shall pay any remaining amounts of the Settlement Fund *cy pres* to Legal Aid of North Carolina.

h.      The Court will have continuing jurisdiction over the settlement for 120 days after either (a) the Net Settlement Fund has been exhausted or (b) the remaining Net Settlement Fund has been sent to Legal Aid of North Carolina.

**4.      Objection Procedures**

4.1      Each Settlement Class Member desiring to object to the settlement shall submit a timely written notice of his or her objection.

4.2      Any objection must be in writing and must:

(a) Clearly identify the case name and number, *Patricia Davidson, et al. v. Healthgrades Operating Company, Inc.*, United States District Court, District of Colorado, No. 1:21-CV-01250-RBJ;

(b) Include the full name, address, telephone number, and email address of the person objecting;

(c) Include the full name, address, telephone number, and email address of the objector's counsel (if the objector is represented by counsel);

(d) State whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection;

(e) Be accompanied by any legal support for the objection the objector believes applicable;

(f) Identify all counsel representing the objector who will appear at the Final Approval Hearing, if any;

(g) Identify a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection, if any;

(h) Confirm whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

(i) Provide the objector's signature and the signature of the objector's duly authorized counsel or other duly authorized representative.

Settlement Class Members who fail to submit timely written objections in the manner specified above will waive their right to object to any aspect of the settlement and will be bound by it.

4.3     Completed objections must be submitted online at the designated settlement administration

website, or via postal mail to the following addresses:

Gary M. Klinger
**Milberg Coleman Bryson Phillips Grossman, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60630


Paul Bond
HOLLAND & KNIGHT LLP
2929 Arch Street, Suite 800
Philadelphia, PA 19104


**5.      Miscellaneous Provisions**

5.1     No Person shall have any claim against any of the Released Parties or their counsel based

on distributions of benefits made substantially in accordance with the Settlement Agreement

and/or further order(s) of the Court.

5.2     Defendant has represented that there are approximately 35,485 members of the Settlement

Class.  Plaintiff has the right to revoke this settlement agreement in the event that the class size is

more than 38,850.

5.3.    The Settling Parties: (i) acknowledge that it is their intent to consummate this Settlement

Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and

implement all terms and conditions of this Settlement Agreement and to exercise their best efforts

to accomplish the terms and conditions of this Settlement Agreement.

5.4     The Settling Parties intend this settlement to be a final and complete resolution of all

disputes, claims, and causes of action by and between them with respect to the Litigation in any

way whatsoever. The settlement compromises claims that are contested and shall not be deemed

an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties

each agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a

settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

5.5    Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (i) is, or may be deemed to be, or may be used as, an admission or evidence of the validity, or lack thereof, of any Released Claim, wrongdoing, or liability of the Released Parties; or (ii) is, or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission, in any civil, criminal, and/or administrative proceeding in any court, administrative agency, and/or other tribunal or proceeding. Any of the Released Parties may file the Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

5.6    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest. Modification of the Settlement Agreement following Preliminary Approval will require approval of the Court.

5.7    The Settling Parties may mutually agree, in their respective sole discretion, on revisions to the Notice to better effectuate the purposes of the settlement, even after Preliminary Approval, provided that the substance of the Notice is consistent with the Settlement Agreement.

5.8     The Settling Parties may mutually agree, in their respective sole discretion, on any reasonable interpretation and implementation of the Settlement Agreement to better effectuate the purposes of the settlement.

5.9     This Settlement Agreement, together with the Exhibits attached hereto, constitutes the entire Settlement Agreement by, between, and among the Settling Parties hereto and no representations, warranties, or inducements have been made to any party concerning the Settlement Agreement other than the representations, warranties, and covenants contained and memorialized in such document. Except as otherwise provided herein, each Party shall bear its own attorney's fees, costs, and expenses.

6.0     Proposed Settlement Class Counsel, on behalf of the Settlement Class, are expressly authorized by Representative Plaintiff to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms. Proposed Settlement Class Counsel, on behalf of the Settlement Class, also are expressly authorized by Representative Plaintiff to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class that Proposed Settlement Class Counsel deem appropriate.

6.1     Each counsel or other person executing the Settlement Agreement on behalf of any Party hereto hereby warrants that such counsel or other person has the full authority to do so.

6.2     The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

6.3      This Settlement Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Colorado, and the rights and obligations of

the Settling Parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Colorado.

6.4      If circumstances transpire such that the Settling Parties are unable to fulfill the terms of the Settlement Agreement, or notwithstanding their best good faith efforts, then performance shall be deemed impossible, and the Settlement Agreement shall be deemed to be terminated, with the result being that the Settling Parties will be returned as closely as possible to the position that each was in prior to the Settlement Agreement being entered into. This includes, without limitation, the return to Defendant of any unspent portion of the Settlement Fund in the event the Settlement Agreement is terminated.

Signatures by Counsel:


*Gary M. Klinger*

**Gary M. Klinger**
**Milberg Coleman Bryson Phillips Grossman, PLLC**
**227 W. Monroe Street, Suite 2100**
**Chicago, IL 60606**
**Tel.: 866.252.0878**
**Email: gklinger@milberg.com**


**Date:**   April 1, 2022

*Paul Bond*

**Paul Bond**
**HOLLAND & KNIGHT LLP**
**2929 Arch Street, Suite 800**
**Philadelphia, PA 19104**
**Tel.: (215) 252-9535**


**Date:**

# EXHIBIT A:  JUDGMENT AND FINAL APPROVAL

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| PATRICIA DAVIDSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHGRADES OPERATING COMPANY, INC.,<br><br>    Defendant. | **CASE NO.: 21-cv-01250-RBJ**<br><br>**JUDGMENT AND FINAL APPROVAL** |

**WHEREAS**, a Settlement Agreement, dated as of _____ (the "Settlement Agreement"), was made and entered into by and among the following Settling Parties: (i) Patricia Davidson ("Representative Plaintiff"), individually and on behalf of the Settlement Class Members (as defined below), by and through Gary M. Klinger of the law firm Milberg Coleman Bryson Phillips Grossman, PLLC (collectively, "Proposed Settlement Class Counsel" or "Class Counsel"); and (ii) Healthgrades Operating Company, Inc. ("Healthgrades"), now Mercury Healthcare, Inc. (the "Defendant"), for the benefit of all Released Parties, by and through the Defendant's counsel of record, Paul Bond and Maxwell N. Shaffer of Holland & Knight LLP ("Defense Counsel"); and

**WHEREAS**, on March 16, 2022, the Court entered an Order of Preliminary Approval Order ("Preliminary Approval Order") that, among other things, (a) preliminarily certified, pursuant to Federal Rule of Civil Procedure 23, a class for the purposes of settlement only; (b) approved the form of notice to Settlement Class Members, and the method of dissemination thereof; (c) directed that appropriate notice of the settlement be given to the Settlement Class; and (d) set a hearing date for final approval of the settlement; and

**WHEREAS**, the notice to the Settlement Class ordered by the Court  has been provided, as attested to in the declaration of the Settlement Administrator filed with the Court on _____; and

**WHEREAS**, the CAFA Notice ordered by the Court has been provided, as attested to in the declaration of the Settlement Administrator filed with the Court on_____; and

**WHEREAS**, on _____ , a hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing date being a due and appropriate number of days after such notice to the Settlement Class and the requisite number of days after such governmental notice; and

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and the arguments of counsel, having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

l.      The Court incorporates by reference the definitions set forth in the Settlement Agreement.

2.      The Court finds it has personal and subject-matter jurisdiction over this matter, the Settling Parties, and all Settlement Class Members.

3.      The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and due process.

4.      The CAFA Notice provided by the Settlement Administrator met all requirements of the Act.

5.      The Representative Plaintiff and Settlement Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the settlement set forth in the Settlement Agreement.

6.      All objections to the settlement set forth in the Settlement Agreement having been considered and having been found either to be mooted by the settlement or not supported by credible evidence, the settlement set forth in the Settlement Agreement is in all respects, fair, adequate, reasonable, proper, and in the best interests of the Settlement Class, and is hereby approved.

7.      Every Settlement Class Member who exercised their right to opt out of the Settlement is hereby excluded from the Settlement Class.

8.       Representative Plaintiff, Defendant, the Settlement Administrator, and Settlement Class Members shall consummate the settlement according to the terms of the Settlement Agreement.

9.      The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

10.     Each Released Claim of each Settlement Class Member is hereby extinguished as against the Released Persons.

11.     The Court having considered Plaintiff's Motion for Attorneys Fees, Costs, Expenses and Services Awards hereby grants the Motion and awards Plaintiff's counsel $_____ for their fees, costs and expenses in the case and awards Plaintiff $_____ for her service as Class Representative.

12.     Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement as set forth in the Settlement Agreement.

13.     In the event the Effective Date does not occur, this Judgment Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement, this Judgment and all orders entered in connection herewith shall be vacated and null and void.

SO ORDERED.

## EXHIBIT B:  ORDER OF PRELIMINARY APPROVAL

### UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO

| | |
|---|---|
| PATRICIA DAVIDSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHGRADES OPERATING COMPANY, INC.,<br><br>    Defendant. | **CASE NO.: 21-cv-01250-RBJ**<br><br>**ORDER OF PRELIMINARY APPROVAL** |

**WHEREAS**, a Settlement Agreement, dated as of _____ (the "Settlement Agreement"), was made and entered into by and among the following Settling Parties: (i) Patricia Davidson ("Representative Plaintiff"), individually and on behalf of the Settlement Class Members (as defined below), by and through Gary M. Klinger of the law firm Milberg Coleman Bryson Phillips Grossman PLLC (collectively, "Proposed Settlement Class Counsel" or "Class Counsel"); and (ii) Healthgrades Operating Company, Inc. ("Healthgrades"), now Mercury Healthcare, Inc. (the "Defendant"), for the benefit of all Released Parties, by and through the Defendant's counsel of record, Paul Bond and Maxwell N. Shaffer of Holland & Knight LLP ("Defense Counsel"); and

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and the arguments of counsel, having determined preliminarily that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      The Court incorporates by reference the definitions set forth in the Settlement Agreement.

2.      The Court finds it has personal and subject-matter jurisdiction over this matter, the Settling Parties, and all Settlement Class Members.

3.      The Court certifies, for settlement purposes only, the Settlement Class.

4.      The Court appoints Proposed Lead Class Counsel Gary M. Klinger as Class Counsel for the Settlement Class.

5.      The Court appoints Representative Plaintiff as class representative.

6.      The Court appoints the Settlement Administrator and orders it to provide notice to the Settlement Class Members and CAFA Notice and perform services as set forth in the Settlement Agreement.

7.      The Court orders Defendant to pay the Settlement Fund Payment as set forth in the Settlement Agreement.

8.      The Court orders any Settlement Class Members to make claims, opt out, and/or object in the manner and in the time frame set forth by the Settlement Agreement.

9.      For clarity, the Court sets the following deadlines:

| Event | Deadline |
|---|---|
| Motion for Preliminary Approval | 4/1/22 |
| Preliminary Approval Hearing and Date of Preliminary Approval | 4/1/22 |
| Settlement Fund Payment Due | 5/1/2022 |
| Notice Deadline | 5/1/2022 |
| Motion for Attorney's Fees and Representative Plaintiff Service Awards | 6/15/2022 |
| Objection Deadline | 6/29/2022 |
| Opt Out Deadline | 6/29/2022 |
| Claim Deadline | 7/13/2022 |
| Filing for Final Approval | 7/28/2022 |
| Final Approval Hearing and Order of Final Approval | TBD (to be scheduled at Preliminary Approval hearing) |
| Effective Date | TBD (30 days after Final Approval) |
| Attorney's Fees Paid and Net Settlement Fund Disbursed | TBD (7 days after Effective Date) |
| All Checks Must be Cashed | TBD (120 days after Effective Date) |
| Cy Pres Payment, If Any | TBD (150 days after Effective Date) |
| Court's Jurisdiction Ends | TBD (120 days after Cy Pres or Fund Exhaustion) |

The Court sets a date of [date] for a final fairness hearing.

SO ORDERED.

# GROUP
# EXHIBIT C

Healthgrades Settlement Administrator
P.O. Box XXXX
Baton Rouge, LA  70821

<div style="border:1px solid red">

**Your Claim Form Must Be Submitted On or Before XXXX XX, 2022**

</div>

# *Davidson v. Healthgrades Operating Company, Inc.*

### United States District Court, District of Colorado (Case No. 21-cv-01250-RBJ)

## Claim Form

You should complete and submit a claim online or this form by mail if you received a notification from Lexington Medical Center d/b/a Healthgrades Operating Company, Inc. stating that information about you was included in the Cyberattack against Healthgrades' systems in the month of October 2020.

The settlement notice describes your legal rights and options. Please visit the official settlement administration website, [Settlement Website], or call [Phone Number] for more information.

If you wish to submit a claim for a settlement payment, you need to provide the information requested below. Please print clearly in blue or black ink. This claim form must be mailed to the Settlement Administrator at the address listed above and postmarked by **[Claims Deadline]**.

## 1. CLASS MEMBER INFORMATION.

First Name                                                                                      Middle Initial

Last Name                                                                                       Suffix

Mailing Address: Street Address/P.O. Box (include Apartment/Suite/Floor Number)

City                                                                         State          Zip Code

Current Email Address

Current Phone Number (Optional)                    Settlement Clam ID (Required)

\*\*Settlement Claim ID: Your Settlement Claim ID can be found on the postcard Notice you received in the mail informing you about this Settlement. If you need additional help locating this ID, please contact the Settlement Administrator at [Phone Number].

## 2. PAYMENT ELIGIBILITY INFORMATION.

Please review the notice and Settlement Agreement (available at [Website Name]) for more information on who is eligible for a payment.

**PLEASE PROVIDE THE INFORMATION LISTED BELOW:**

Settlement Class Members who file a valid claim will be eligible for a payment up to a per claimant cap of $100. Settlement Class Members will only receive one payment.

☐ By checking the box and signing below, I attest, under penalty of perjury,  that I incurred some cost or expense, including but not limited to lost time, as a result of the Cyberattack

***Note:*** *Every Settlement Class Member who attests that they were impacted by the Cyberattack is eligible to receive a payment up to a per claimant cap of $100, regardless of whether or not they experienced any identity theft as a result of the Data Incident. This payment is subject to a potential pro rata reduction*

## 3. SIGN AND DATE YOUR CLAIM FORM.

I declare under penalty of perjury under the laws of the United States and the laws of my State of residence that the information supplied in this claim form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the Settlement Administrator or Claims Referee before my claim will be considered complete and valid.

_____        _____        _____

**Signature**                                                **Print Name**                                              **Date**

## 4. REMINDER CHECKLIST

**1.** Keep copies of the completed Claim Form for your own records.

**2.** Mail your completed Claim Form to the Settlement Administrator or submit your claim online at [Settlement Website].

**3.** If your address changes or you need to make a correction to the address on this Claim Form, please visit the Settlement website at [Settlement Website] and complete the Update Contact Information form or send written notification of your new address. Make sure to include your Settlement Claim ID and your phone number in case we need to contact you in order to complete your request.

**4.** For more information, please visit the settlement website at [Settlement Website] or call the Settlement Administrator at [Phone Number]. Please do not call the Court or the Clerk of the Court for additional information.

# NOTICE OF CLASS ACTION SETTLEMENT

United States District Court, District of Colorado
*Davidson v. Healthgrades Operating Company, Inc.*,
Case No. 21-cv-01250-RBJ

**If you received a notification from Lexington Medical Center that your personal information may have been exposed as a result of a Cyberattack against Healthgrades Operating Company, Inc.'s system in October 2020, you may be eligible for benefits from a class action settlement.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement (the "Settlement") has been proposed in a class action lawsuit against Healthgrades Operating Company, Inc. ("Healthgrades") now Mercury Healthcare Inc. (the "Defendant"), relating to a cyberattack that occurred in the month of October 2020 (the "Cyberattack"). The Defendant denies all claims and contention alleged against them in the Litigation and all charges of wrongdoing or liability alleged against them. . The Settlement does not establish who is correct and is not an admission of fault, but rather is a compromise to end the lawsuit.

- The Settlement makes members of the Settlement Class who submit valid claims eligible to receive a cash payment if their information was exposed in the Cyberattack.

  <u>Settlement Class Payment</u>: Every Settlement Class Member who attests that that they incurred some cost or expense, including but not limited to lost time, is eligible to receive up to a per claimant cap of $100, regardless of whether or not they experienced any identity theft as a result of the Cyberattack. This payment is subject to a potential *pro rata* reduction as detailed below.

**Your legal rights are affected even if you do nothing. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **Submit a Claim** | This is the only way to get benefits under this Settlement. | |
| **Ask to be Excluded** | Get no benefits. This is the only option that allows you to bring your own lawsuit against the Defendant related to the Data Incident. | |
| **Object** | Write to the Court about why you do not think the Settlement is fair, reasonable, or adequate. | |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement. | |
| **Do Nothing** | You will not get payment from this Settlement and you will give up certain legal rights. Submitting a claim form is the only way to obtain payment from this Settlement. | |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to grant final approval of the Settlement. No cash payments will be made until after the Court grants final approval of the Settlement and all appeals, if any, are resolved.

## BASIC INFORMATION

### 1.    Why is there a Notice?

The Court authorized this notice because you have a right to know about the Settlement and all of your options before the Court decides whether to give "final approval" to the Settlement. This notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

Judge R. Brooke Jackson of the United States District Court for the District of Colorado is overseeing the case of Patricia Davidson, et al. v. Healthgrades Operating Company, Inc., Case No. 21-cv-01250-RBJ. The people who brought the lawsuit are called the plaintiffs. The companies being sued, Healthgrades Operating Company, Inc. and its related parties, are called the Defendant.

### 2.    What is this lawsuit about?

The lawsuit claims that the Defendant was responsible for the Cyberattack and asserts claims such as: negligence, invasion of privacy by intrusion, Violation of Colorado's Data Security Laws, Colo. Rev. Stat. § 6-1-713.5, and Violation of the Colorado's Data Security Laws, Colo. Rev. Stat. § 6-1-716. .

The Defendant denies each claim and contention alleged against them in the Litigation and all charges of wrongdoing or liability alleged against them. No court or other judicial entity has made any judgment or other determination that Defendants have any liability on these claims or did anything wrong.

### 3.    Why is this lawsuit a class action?

In a class action, one or more people called class representatives or representative plaintiffs sue on behalf of all people who have similar claims. Together, all of these people are called a class and the individuals are called class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

### 4.    Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or Defendants. Instead, both sides agreed to the Settlement. The Settlement avoids the costs and risks of a trial and related appeals, while providing benefits to members of the Settlement Class ("Settlement Class Members"). The "Settlement Class Representative" appointed to represent the Settlement Class, and the attorneys for the Settlement Class ("Class Counsel," see Question 18) think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

### 5.    How do I know if I am part of the Settlement?

You are affected by the Settlement and potentially a member of the Settlement Class if you received a notification from Lexington Medical Center that information about you was included in the Cyberattack against Healthgrades' systems in the month of October 2020.

Only Settlement Class Members are eligible to receive benefits under the Settlement. Specifically excluded from the Settlement Class are officers, directors, trustees, and employees of the Defendant; all judges and their staffs assigned to this case and any members of their immediate family members; the mediator; experts retained in this Litigation by the Parties; and the Parties' counsel in this Litigation.

### 6.    What if I am not sure whether I am included in the Settlement Class?

If you are still not sure whether you are included, you can visit the settlement website, [Insert Settlement Website], for more information, or you can fill out and return the Claim Form described in question 9.

## THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY

**7.   What does the Settlement provide?**

The Defendant has agreed to pay a total settlement amount of $500,000 which will be used to create a Settlement Fund to pay cash awards to Settlement Class Members who submit a valid and timely claim, pay Class Counsel's attorneys' fees and costs, pay an incentive award to the Representative Plaintiff, and pay costs and expenses of settlement administration.

**8.   How do I get a benefit?**

To receive any benefit under the Settlement, you must submit a Claim Form online or by mail. A Claim Form is available on the settlement website at [SettlementWebsite]. Read the instructions carefully, fill out the Claim Form, and submit it online at [Settlement Website] **no later than [Claims Deadline**], or print out a hard copy of the claim form, fill it out, sign it, and mail it to the Settlement Administrator with a **postmark dated no later than [Claims Deadline].**

**10.   How will claims be decided?**

The Settlement Administrator will decide whether and to what extent any Claim made on each Claim Form is valid. The Settlement Administrator may require additional information. If you do not provide the additional information in a timely manner, the Claim will be considered invalid and will not be paid.

**11.   When will I get my payment?**

The Court will hold a hearing on **[Final Approval Hearing Date]** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

## WHAT DO DEFENDANTS GET?

**12.   What am I giving up as part of the Settlement?**

If the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Settlement Class Member and you will give up your right to sue the Defendant and other persons ("Released Parties") as to all claims ("Released Claims") arising out of or relating to the Data Incident. This release is described in the Class Settlement Agreement, which is available at [Settlement Website]. If you have any questions you can talk to the law firms listed in Question 18 for free, or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this Settlement, but you want to keep the right to sue the Defendant about the legal issues in this case, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

**13.   If I exclude myself, can I get a payment from this Settlement?**

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement, but you will not be bound by any judgment in this case.

**14.   If I do not exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendant (and any other Released Persons) for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form to ask for any benefit under the Settlement.

If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this class action, you may want to consult an attorney, at your expense, and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitations or repose.

| **15.   How do I exclude myself from the Settlement?** |
| --- |

To exclude yourself, send a letter that says you want to be excluded from the Settlement in *Davidson v. Healthgrades Operating Company Inc.*, Case No. 21-cv-01250-RBJ . You may submit an exclusion online at [Settlement Website] no later than [Exclusion Deadline], or print out an exclusion form available at [Settlement Website], fill it out, and mail it to the Settlement Administrator. You must submit your exclusion online or mail your exclusion request postmarked by[Exclusion Deadline]**,** to:

<div align="center">

*Davidson v. Healthgrades Operating Company Inc.*
c/o Postlethwaite & Netterville
PO Box XXXX
Baton Rouge, LA 70821

</div>

<div align="center">

**OBJECTING TO THE SETTLEMENT**

</div>

| **16.   How do I tell the Court that I do not like the Settlement?** |
| --- |

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. The Court will consider your views in its decision whether to approve the Settlement. You must submit your objection online at [Settlement Website] or mail your objection to Class Counsel and Defendants' Counsel, at the mailing addresses listed below, postmarked by **no later** than the **[objection deadline]**:

| **Defendants' Counsel** |
| --- |
| Paul Bond<br>Holland & Knight LLP<br>1801 California St. Suite 5000<br>Denver, CO 80202 |
| **Class Counsel** |
| Gary Klinger<br>Milberg, Coleman, Bryson, Phillips, Grossman, PLLC<br>227 W. Monroe St., Suite 2100<br>Chicago, IL 60630 |

Your objection must state: (1) the name of the Litigation: Patricia Davidson v. Healthgrades Operating Company, Inc., United States District Court, District of Colorado, No. 21-CV-01250-RBJ; (2) the objector's full name, address, telephone number, and email address (if any); (3) the full name, address, telephone number, and email address of the objector's counsel (if the objector is represented by counsel); (4) a statement as to whether the

objection applies only to yourself, to a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection; (5) any legal support for the objection the objector believes applicable; (6) the identity of all counsel representing the objector who will appear at the Final Approval Hearing, if any; (7) the identity of all persons who will be called to testify at the Final Approval Hearing in support of the objection, if any; (8) the objector's intention to personally appear and/or testify at the Final Approval Hearing; and (9) the objector's signature and the signature of your duly authorized attorney or other duly authorized representative (if any).

| 17. | What is the difference between objecting and asking to be excluded? |
|---|---|

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you are a member of the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any payment from the Settlement. If you exclude yourself, you have no basis to object because you are no longer a member of the Settlement Class, and the case no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

| 18. | Do I have a lawyer in this case? |
|---|---|

Yes. The Court appointed Gary M. Klinger as Interim Class Counsel to represent the Class in settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 19. | How will the lawyers be paid? |
|---|---|

Class Counsel will ask the Court for an award for attorneys' fees of up to $175,000. Defendant has agreed to pay any award of attorneys' fees and expenses up to those amounts, to the extent approved by the Court. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement, and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Class Counsel will also ask the Court for a service award of up to $3,500.00 for Representative Plaintiff, Patricia Davidson.

Any award for attorneys' fees, costs, and expenses for Class Counsel and service award to the Representative Plaintiff must be approved by the Court. The Court may award less than the amounts requested. Class Counsel will file their motion papers in support of final approval of the Settlement and their application for attorneys' fees, costs and expenses, and service award no later than [45 days after notice deadline], and they will be posted on the settlement website.

## THE COURT'S FINAL APPROVAL HEARING

| 20. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Final Approval Hearing at [Final Hearing Date and location]. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if they have properly made such a request. The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for service awards for the Representative Plaintiff. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The

Court may move the hearing to a different date or time without additional notice to the Settlement Class, so Class Counsel recommend checking [Settlement Website] or calling [Phone Number].

### 21.   Do I have to attend the hearing?

No. Class Counsel will present the Class Settlement Agreement to the Court. You or your own lawyer are welcome to attend, at your expense, but you are not required to do so. If you send an objection, you do not have to come to the Court to discuss it. As long as you filed your notice of intent to object containing your objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

### 22.   May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file a notice of intent to object according to the instructions in Question 16, including all the information required. Your objection must be submitted online or **mailed** to Class Counsel and Defendants' Counsel, postmarked no later than **[Notice of Intention to Appear Deadline]** (See Question 16.).

## IF YOU DO NOTHING

### 23.   What happens if I do nothing?

If you do nothing you will not get any money from this Settlement and, if the Settlement is granted final approval and the judgment becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant and the other Released Parties based on any of the Released Claims.

## GETTING MORE INFORMATION

### 24.   How do I get more information?

This Notice summarizes the proposed Settlement. More details are in the Class Settlement Agreement itself. A copy of the Class Settlement Agreement is available at [Settlement Website]. You may also call the Settlement Administrator with questions or to request a Claim Form at [Phone Number].

# OPT-OUT FORM

*Davidson v. Healthgrades Operating Company, Inc.*
No. 21-CV-01250-RBJ

**This is NOT a Claim Form. It EXCLUDES you from this Settlement.
DO NOT use this Form if you wish to remain IN this Settlement.**

**Name of Class Member**: _____

**Settlement Claim ID**: _____

**Address:** _____

| Street | City | State | Postal Code |

**Telephone:** _____

**Email (if applicable):** _____

By submitting this form, the above-named Settlement Class Member affirms that he or she is requesting exclusion from the Settlement Class and does not wish to receive compensation under the terms of this Settlement. The above-named Settlement Class Member understands that, by opting out of this Settlement, he or she (i) will not be eligible to participate in the Settlement (*i.e.*, will not receive payment from the Settlement) and (ii) is preserving any rights he or she otherwise has to sue Healthgrades Operating Company, Inc. for damages.

_____          _____
Date Signed                                   Signature of Class Member or Legal Representative

**This form must be submitted online or postmarked to the Class Administrator at the addresses below NO LATER THAN [Exclusion Deadline], or else you will lose your right to opt out.**

Davidson v. Healthgrades Operating Company Inc.
c/o Postlethwaite & Netterville (P&N)
PO Box XXX
Baton Rouge, LA 70821-5098